Case 2:16-cr-00874 Document 36 Filed in TXSD on 02/22/17 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 22, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:16-CR-874 |
| | § | |
| NICOLE CHARLES BOURN | § | |

## ORDER GRANTING MOTION TO SUPPRESS

Before the Court is Defendant Nicole Charles Bourn's (Bourn's) Motion to Suppress (D.E. 20). Bourn is charged by indictment (D.E. 13) with two counts of transporting aliens in the United States in violation of the law. Bourn complains that the evidence against her was obtained in violation of the Fourth Amendment's prohibition of unreasonable searches and seizures. The Government filed a response to the motion (D.E. 21), and the Court held a hearing on January 4, 2017. Thereafter, the parties provided supplemental briefing (D.E. 31, 32). After due consideration of the evidence and the arguments of the parties, the motion (D.E. 20) is GRANTED.

### FACTS

On October 5, 2016, Robstown Police Officer Isaac DeLeon (DeLeon), a criminal interdiction officer on the narcotics team, was assigned to monitor Highway 77 for smuggling activities. This highway is always busy, especially during the lunch hours, and there is heavy truck traffic. Additionally, construction has resulted in narrow lanes and shoulders which create dangerous travel. DeLeon testified that at 12:40p.m., he

stopped Bourn's car because she was following an 18-wheeler too closely, which is a traffic offense under Texas law.[1] The unit's dash-cam did not capture the infraction.

DeLeon testified that he could not remember how close Bourn was to the truck. However, he stops many motorists for following too closely so if he stopped Bourn, she must have been following very close. DeLeon further testified that he could not remember whether there were vehicles other than the truck near Bourn's vehicle at the time of the infraction. He also did not know the speed Bourn and the truck were travelling because his radar was turned off. DeLeon admitted to being unfamiliar with the specifics of the law governing the traffic violation, but he believes he has discretion to stop motorists when he thinks they are following another vehicle too closely. In response to whether he is required to take any factors into account in making such a stop, DeLeon replied: "no, if I feel it is an unsafe distance I will pull it over, that is the consideration that I make."

## DISCUSSION

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. Traffic stops are considered seizures for purposes of the Fourth Amendment. *See United States v. Valadez*, 267 F.3d 395, 397 (5th Cir. 2001). The legality of a traffic stop is analyzed under the framework articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984). Under the two-part *Terry* reasonable suspicion inquiry, the court asks whether the officer's action was: (1)

---

[1] Tex. Transp. Code Ann. § 545.062(a) (West 2011).

justified at its inception; and (2) reasonably related in scope to the circumstances which justified the interference initially. *Terry*, 392 U.S. at 19-20.

For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity—such as a traffic violation—occurred, or is about to occur, before stopping the vehicle. *See United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). The Supreme Court has "said repeatedly that [courts] must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (*quoting United States v. Cortez*, 449 U.S. 411, 417 (1981)). Accordingly, reasonable suspicion exists when an officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the seizure. *See, e.g., United States v. Santiago*, 310 F.3d 336, 340 (5th Cir. 2002). This analysis "is necessarily fact-specific, and factors which by themselves may appear innocent, may in the aggregate rise to the level of reasonable suspicion." *Id.*

Thus, the inquiry is whether DeLeon reasonably suspected that Bourn committed the offense of following another vehicle too closely. The Texas Transportation Code states:

> An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

Tex. Transp. Code Ann. § 545.062(a). Because this statute, by necessity, requires a law enforcement officer to make a subjective judgment call as to what constitutes a safe following distance, courts require an officer to articulate specific facts that led the officer to suspect a violation occurred. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).[2] Without specific, articulable facts, courts have no means to assess whether the officer's opinion was objectively reasonable. *Id.* "Mere opinions are ineffective substitutes for specific, articulable facts in a reasonable-suspicion analysis." *Id.* Holding otherwise "would be removing the 'reasonable' from reasonable suspicion." *Id.*

The dash-cam video shows that Bourn was travelling at highway speed and there was moderate traffic on the highway. There is no evidence regarding the speed of the truck or other vehicles or the distance between Bourn's vehicle and the truck. DeLeon only testified that he would not have stopped Bourn unless she was at an unsafe distance. He admits to not considering factors such as speed or traffic conditions. Thus, DeLeon's testimony is conclusory and does not establish specific, articulable facts to warrant the traffic stop.

---

[2] *See also United States v. Wallstrum*, 515 Fed. Appx. 343, 349 (5th Cir. 2013) (per curiam) (holding that officer's testimony was sufficient where officer testified that vehicles were 60-90 feet apart travelling at highway speed and that at that speed, a safe distance would be 300 feet); *United States v. Flores-Manjarez*, 421 Fed. Appx. 407, 409 (5th Cir. 2011) (holding that the officer provided sufficient specific, articulable facts when he testified that the conditions were wet and that the vehicles were less than two car lengths apart); *United States v. Gomez Diaz*, No. 4:15CR131, 2015 WL 9694519, at *2 (E.D. Tex. Dec. 23, 2015), *report and recommendation adopted*, 2016 WL 123171 (Jan. 11, 2016) (holding that testimony was sufficient where officer testified that there were less than two car lengths between the vehicles and that traffic was congested); *United States v. Dioubate*, No. 1:13-CR-40, 2013 WL 6504287, at *5 n. 8 (E.D. Tex. Dec. 10, 2013) (officer testified that a safe driving distance is one car length for every 10 miles per hour in speed).

## CONCLUSION

For the reasons set forth above, Defendant Nicole Charles Bourn's motion to suppress (D.E. 20) is GRANTED.

ORDERED this 22nd day of February, 2017.

                                                                          _____
                                                                          NELVA GONZALES RAMOS
                                                                          UNITED STATES DISTRICT JUDGE